**FARMERS ALLIANCE MUTUAL INSURANCE COMPANY,**
Appellee,

v.

**Rodman J. BETHEL, Personal Representative of the Estates of Raydon A. Hurst and Patricia A. Hurst, Decedents; Peter A. Hurst, Kevin A. Hurst, Appellants,**

**and**

**American Family Mutual Insurance Company.**

No. 86–5201.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1986.

Decided Feb. 27, 1987.

Rehearing and Rehearing En Banc Denied April 8, 1987.

Franklin J. Wallahan, Rapid City, S.D., for appellants.

George Beal, Rapid City, S.D., for appellee.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and HANSON,* Senior District Judge.

---

\* The Honorable William C. Hanson, Senior United States District Judge for the Northern and

PER CURIAM.

In August 1979, Marvin Janis, who was covered under an automobile liability policy issued by appellee Farmers Alliance Mutual Insurance Company, fatally injured Raydon and Patricia Hurst and injured their children. Appellee never denied its liability under the insurance policy for Janis' negligence and, beginning in March 1981, repeatedly offered to pay the $30,000 policy limits for bodily injuries.

Appellants, the Hursts' personal representative and children, refused to accept appellee's offer of the policy limits because of their counsel's concern that a settlement releasing Janis could compromise an underinsured motorist claim they were pursuing against the Hursts' insurer, American Family Mutual Insurance Company (AFMIC). In addition, AFMIC, which had paid certain funeral and medical expenses for the Hursts, asserted a subrogation claim against the $30,000 held by appellee.

Appellants brought a wrongful death action against Janis which appellee was required under the policy to defend, although it continued its efforts to pay the policy limits. The wrongful death action resulted in a judgment against Janis on September 7, 1984 in the amount of $222,680.95. *See Bethel v. Janis*, 597 F.Supp. 56 (D.S.D. 1984).

Appellee then brought an interpleader action, depositing the $30,000 policy limits with the clerk of court and naming the Hursts' personal representative, children and insurer as defendants. Appellants asserted a counterclaim for damages and pre- and post-judgment interest. The district court denied appellants' claims and entered summary judgment in favor of appellee relieving it of any liability beyond the $30,000 policy limits. From these orders, appellants appeal only the denial of post-judgment interest.

Appellants base their claim to post-judgment interest on a "supplementary payments" provision in the policy which states:

In addition to our limit of liability, we will pay on behalf of a covered person:

\* \* \* \* \* . \*

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we *offer to pay* that part of the judgment which does not exceed our limit of liability for this coverage.

Emphasis added.

Appellants concede the many offers to pay the $30,000 policy limits before judgment, but they point to the date of the first post-judgment "offer to pay," which was five weeks after the judgment against Janis. By then, according to appellants, post-judgment interest on the entire judgment against Janis had accrued under the foregoing "supplementary payments" provision. Appellee did not offer to pay the "accrued" interest, so appellants reason that the post-judgment offer of $30,000 was legally insufficient.

We agree with appellee and the district court that appellee's many good faith offers to pay the full policy limits satisfied the supplementary payments provision and precluded any obligation for post-judgment interest. Well before it was involuntarily required to defend its insured in appellants' wrongful death action, appellee made a standing offer to pay the full policy limits. Its offers were refused through no fault of the insurer. We find no error in the district court's denial of post-judgment interest. Accordingly, the judgment of the district court is affirmed.

Southern Districts of Iowa, sitting by designation.